*Morgan v. Menard*, 406-7-17 Wncv (Teachout, J., Oct. 12, 2018).

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

**SUPERIOR COURT**                                                        **CIVIL DIVISION**
**Washington Unit**                                                      **Docket No. 406-7-17 Wncv**

**MATTHEW MORGAN**
    **Plaintiff**

    **v.**

**LISA MENARD, Commissioner,**
**Vermont Department of Corrections**
    **Defendant**

## DECISION
### The State's Motion to Dismiss

Plaintiff Matthew Morgan, an inmate in the custody of the Commissioner of the Department of Corrections, filed this action seeking damages and other relief against the Vermont Department of Corrections and several agents of the DOC. The claims Mr. Morgan is attempting to raise are exceptionally unclear, although most appear to relate in some way to efforts at accessing the courts for his own benefit or to provide legal advice to fellow inmates.

The State points to other court proceedings in which Mr. Morgan appears to have received rulings on the same or similar issues as he appears to be trying to raise again now. However, the State has not asserted that Mr. Morgan is precluded from bringing any claims as a result of prior cases.

Rather, the State seeks dismissal of complaint for failure to state a claim based on its subjective understanding of the complaint. The court will address the State's arguments insofar as they address the comprehensible pleadings and not otherwise.

*No monetary damages relief against the State*

The State argues that to the extent that Mr. Morgan is seeking monetary relief pursuant to 42 U.S.C. § 1983, any such monetary claim is not permissible. The State is correct. While money damages may be available in a § 1983 claim against persons in their individual capacity, the state is not a person subject to a claim for monetary damages under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64, 71 n.10 (1989); *Heleba v. Allbee*, 160 Vt. 283, 286 (1993). The only defendant served in this case is Commissioner Menard in her official capacity (by waiver). Commissioner Menard in her official capacity functions as the State itself. Accordingly, any claim for monetary damages pursuant to § 1983 in this case is dismissed.

*Access to the courts; legal advice to fellow inmates*

Many of Mr. Morgan's allegations imply that he may be attempting to claim a violation of his constitutional right to access the courts to advocate his own claim or to provide legal advice to other prisoners. To the extent that Mr. Morgan is claiming some defect in his access to the prison library or other ability to access the courts for his own sake, any such constitutional claim must be predicated on an actual injury. See *Lewis v. Casey*, 518 U.S. 343, 351 (1996). He has not alleged any actual injury. To the extent that Mr. Morgan is claiming any "augmented" right to provide legal advice to fellow inmates, beyond his ordinary free speech rights in prison, no such constitutional right exists. See *Shaw v. Murphy*, 532 U.S. 223, 231 (2001) ("We thus decline to cloak the provision of legal assistance with any First Amendment protection above and beyond the protection normally accorded prisoners' speech.").

*Equal Protection and "collateral consequences"*

The State also argues that any Equal Protection claim, whether based on a class of similarly situated individuals or a "class of one," and any claim based on "collateral consequences" also should be dismissed for failure to state a claim. While Mr. Morgan uses at times certain equal protection language, and used the expression "collateral consequences," he has not described a legal claim with clarity, even granting maximum latitude. However, he does appear to be seeking a remedy for interference with access to the courts through such actions as confiscation of legal materials. Therefore, the court declines to dismiss all claims altogether pursuant to Rule 12(b)(6) when it is possible that an actionable claim may exist. See 5A Wright & Miller, et al., Federal Practice and Procedure: Civil 2d § 1356, at 296 ("The Rule 12(b)(6) motion . . . is not designed to correct inartistic pleadings.").

*Other potential claims*

The court is unable to understand other claims Mr. Morgan may be attempting to raise in this case relating to banishment from the law library, a prohibition from making photocopies, and prohibition from being allowed to use a typewriter unless they all relate to a general claim of denial of access to the courts.

ORDER

For the foregoing reasons, the State's motion to dismiss is granted in part and denied in part. The following claims are dismissed: § 1983 money judgment against the State, denial of right to act as lawyer for fellow inmates, and equal protection claim.

The remaining claim is understood to be a Rule 75 Review of Governmental Action claim related to interference with access to the courts. If this is incorrect, Mr. Morgan may file an Amended Petition.

A status conference will be scheduled to address the needs of the case.

Dated at Montpelier, Vermont this _____ day of October 2018.

 

_____
Mary Miles Teachout
Superior Judge